BARNES ET AL. *v.* THE PEOPLE.

APPEAL from the District Court of Ponce.

No. 75.—Decided February 18, 1907.

DEMURRER—RETURN OF IMPOSTS OR TAXES.—An action to recover amounts paid by the plaintiff to the Insular Treasurer as imposts or taxes upon the sale of certain alcoholic preparations, and wherein it is alleged that the plaintiffs were obliged to make the payment of such sums to avoid criminal prosecution and that the payment was made against their will, erroneously and under

protest, states a cause of action and cannot be assailed on the ground that it appears therefrom that the payment was made voluntarily and without any legal obligation so to do.

APPEAL—EVIDENCE—STATEMENT OF FACTS—APPROVAL OF JUDGE—AGREEMENT OF PARTIES.—In order that questions involving the evidence taken during a trial may be considered by the appellate court, it is necessary that such evidence shall be set forth in a statement of facts, which must necessarily be approved by the judge, and it is sufficient that the parties may have agreed upon the same with respect to the accuracy and truth of the statement without the approval of the judge.

The facts are stated in the opinion.

*Mr. Poventud* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The following amended complaint was filed in the District Court of Ponce:

"The plaintiffs file a complaint alleging:

"1. That they are the owners of a distillery, situated in this city of Ponce, exclusively for the manufacture of a proprietary medicinal preparation known as *Alcoholado Barnes*.

"2. That the excise tax law in force until July 1, 1905, provided that 'proprietary medicinal preparations,' etc., should pay only 5 per cent of the invoice value thereof.

"3. That by virtue of the foregoing provision of law, the plaintiffs had been paying up to the said date of July 1, 1905, to the Insular Treasury, as an excise tax or impost, only 5 per cent on the invoice value for the sale of their *alcoholado,* as it was a medicinal preparation and the Government recognized it as such.

"4. That on March 9, 1905, the Legislative Assembly of Porto Rico passed an act to amend that cited in the second allegation of this complaint, which went into effect on July 1, 1905, which act provided that 'on all proprietary medicinal preparations,' etc., etc., 'a tax of 5 per cent *ad valorem* shall be paid.'

"5. That the excise tax law cited in the fourth allegation, now in force, and that cited in the second allegation, do not differ in any respect.

"6. That the *Alcoholado Barnes* still continues to be a proprietary medicinal preparation.

"7. That the Government has insisted on imposing and collecting from the plaintiffs, a tax of 26 cents on each liter or fraction of a liter of their *alcoholado* sold, as if it were not a medicinal preparation.

"8. That the plaintiffs sold and shipped to José Romaguera & Co. between September 6, 1905, and April 19, 1906, 2,909 liters of said *Alcoholado Barnes* for the sum of $1,225.96, and upon selling said liters of *alcoholado* they were obliged, in order to avoid the risk of a criminal prosecution, to pay against their will, erroneously and under protest, to The People of Porto Rico, the sum of, $779.74, as a tax or impost thereon, as if the said *alcoholado* were not a medicinal preparation, when in fact The People of Porto Rico were entitled to collect on said 2,909 liters only the sum of $61.30—that is to say, 5 per cent on the $1,225.96, which is the invoice value.

"9. The foregoing will show that there is a balance in our favor, between what was properly due and what was actually collected, of $718.44, which sum is illegally in the possession of The People of Porto Rico.

"Therefore, I respectfully pray the honorable court to render judgment holding that the law and the facts are in favor of the plaintiffs, and, consequently, ordering the return of the said sum of $718.44, which The People of Porto Rico illegally collected from the plaintiffs, and taxing all the costs against the defendant. Ponce, P. R., June 1, 1906.—José A. Poventud, counsel for plaintiffs.

"Received a copy this 2d day of June, 1906.—Julio M. Padilla, counsel for defendant."

The defendant demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, because it is not shown that the payment of $718.44 was made involuntarily or under coercion, but on the contrary it appears that it was made voluntarily and without any legal objection.

The court overruled the demurrer on July 20, 1906, without any special taxation of costs, and granted The People of Porto Rico 10 days to make answer to the complaint.

On July 30, 1906, The People of Porto Rico made answer to the complaint admitting some of the allegations therein contained, and denying others, but alleging that the $779.74 were justly due as taxes on the 2,999 liters of the preparation

called *Alcoholado Barnes,* and that said sum had been legally collected by The People of Porto Rico, because it was entitled thereto.

On the 14th of August of the said year, the case was called for trial in the District Court of Ponce, and the latter, after having heard the complaint, the answer thereto, the evidence presented by the parties and their arguments, rendered judgment, disimssing the complaint and adjudging the plaintiffs to pay the costs of the proceedings amounting to ———.

The plaintiffs—that is to say, Dolores G., the widow of Barnes, and Joaquin Barnes—took an appeal from the foregoing decision, through their counsel, José A. Poventud, who filed a brief in this Supreme Court which was contested in the same manner by the *fiscal,* the hearing of the case having been had without the attendance of either of the parties.

In the first place, we have to consider whether the demurrer to the complaint should have been sustained, or whether, on the contrary, the judge of the Ponce court, proceeded properly in overruling it.

The demurrer was properly overruled, because the complaint, among other allegations, clearly explains why the amount claimed was paid, this having been done according to the plaintiffs, "to avoid the risk of a criminal prosecution, against their will, erroneously," and "under protest," and these allegations are in themselves sufficient to supply the deficiency which the district *fiscal* believed he had noted in filing the demurrer, as also did the *fiscal* of this court in insisting upon the propriety of the said demurrer.

For the present it is alleged that the payment was made against their will and under protest. This is sufficient for the admission of the complaint. Whether or not these allegations are true must be shown by the evidence heard at the trial.

The other question to be decided is a material one, namely, to determine whether *Alcoholado Barnes,* manufactured by the plaintiffs, should, as they maintain, pay a 5 per cent *ad*

*valorem* as excise tax imposed by the revenue law, considering it as a "medicinal preparation," or whether, in any case, as alleged by The People of Porto Rico, it should pay 26 cents on each liter or fraction of a liter, on account of its being a distilled spirit produced in this Island.

For this reason the plaintiffs hold that they have paid $718.44 in excess of what was due, the return of which they seek in their complaint, and for this reason The People of Porto Rico opposes the return, believing, from its point of view, that it is entitled to collect, as it did, $799.74 by way of excise tax on the 2,999 liters of *Alcoholado Barnes,* sold by the plaintiffs to Messrs. José Romaguera & Co.

But the judge of the Ponce court reached the conclusion upon these points shown by his judgment, after hearing the evidence presented by the parties at the trial.

There are no means of deciding in this appeal whether or not his findings were correct, and whether or not the protest referred to in the complaint was formulated; in short, whether or not the allegations contained in the complaint and in the answer, were substantiated.

We have no statement of facts of the case worthy of our consideration.

The transcript of the record does contain a statement of facts signed and agreed to between Attorney José A. Poventud, on behalf of the plaintiffs, and J. Henri Brown, *fiscal* and counsel for The People of Porto Rico.

This statement of facts, which was presented to the District Court of Ponce, bears date of September 7, 1906, and is therefore subsequent to the judgment and notice of appeal.

This statement of facts, although agreed to by the parties, is not signed nor approved by the judge of the Ponce court, and under such circumstances we can attach to it no value whatsoever.

The reason is obvious: If his judgment is contested on appeal, it is necessary that we should have before us all the evidence which the trial judge considered in rendering it,

while by means of this statement of facts agreed on, but not containing his approval, we do not know whether other evidence, not included in the defective statement we have here, was heard and considered by the judge.

Consequently, there are no means by which to properly consider the evidence and it must be assumed that the decision appealed from is correct and should consequently be affirmed in every respect, with the costs against the appellants.

*Affirmed.*

Chief Justices Quiñones, and Justices Hernández and Mac-Leary concurred.

Mr. Justice Wolf did not take part in the decision of this case.